UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
   TRANSPED SHIPPING LEVANTE S.L.,    :   Case No. 1:20-cv-5357-PKC-JRC
                                                                        :
         Plaintiff,                            :
                                                     :
             v.                    :   **CONSENT JUDGMENT**
                                        :
   B GLOBAL LOGISTICS INC. formerly known as :
   BG GLOBAL LOGISTICS INC.,                           :
                                                     :
       Defendant.                           :
------------------------------------------------------------X

       Plaintiff, Transped Shipping Levante S.L., *Cl* Mendez Nunez 40, Oficina 101, 46024, Valencia, Spain ("Transped" or "Plaintiff") and Defendant, B Global Logistics Inc., formerly known as BG Global Logistics Inc., 63 32 82nd Place, Middle Village, Queens, New York 11379, United States of America ("B Global" or "Defendant") have consented to the entry of this Consent Judgment in full and final resolution of the subject matter of the above captioned case, subject only to the performance of all provisions and requirements of this Consent Judgment by the Plaintiff and Defendant as specified below.

       NOW, THEREFORE, based on the consent, stipulation and agreement of the Plaintiff and Defendant, without a trial, and the record of this case, the following issues of fact and law are hereby ORDERED, ADJUDGED AND DECREED:

I. <u>JURISDICTION</u>

       This Court has jurisdiction of the subject matter and over each of the parties to this action. The Complaint states a claim upon which relief may be granted against Defendant since Defendant admits it is indebted to Plaintiff under the circumstances and for the amount more specifically set forth below under the laws of the State of New York, a State of the United States of America.

II. <u>TERMS, PROVISIONS AND REQUIREMENTS OF THIS CONSENT JUDGMENT AS INCORPORATED HEREIN FROM THE SETTLEMENT AGREEMENT ANNEXED HAS EXHIBIT A</u>

Plaintiff and Defendant agree that all of the terms of the Settlement Agreement annexed hereto as Exhibit A are incorporated herein.



III. <u>CERTIFICATION</u>

Plaintiff and Defendant each warrant and represent that the person signing this Agreement on each of their respective behalves has full authority to sign and execute this Consent Judgment, and to bind each of them to the terms, obligations, and provisions of this Consent Judgment.

IV. <u>COUNTERPARTS</u>

This Consent Judgment may be executed in two or more counterparts, by electronic format and/or by facsimile, each of which shall be deemed to be an original, and all of which together shall constitute one and the same Consent Judgment.

V. <u>JURISDICTION RETAINED</u>

This Court retains jurisdiction of the above captioned case for the purpose of enabling any of the parties to this Consent judgment to apply to this Court at any time for further orders and directions as may be necessary or appropriate to carry out or construe this Consent Judgment, to modify or terminate any of its provisions, to enforce compliance, and to punish violations of its provisions.

VI. <u>EXPIRATION OF CONSENT JUDGMENT</u>

This Consent Judgment shall expire upon the completion of the final payment from Defendant to Plaintiff, as provided above.

Upon the entry of the Consent Judgment, Plaintiff shall execute a Notice of Voluntary Dismissal with Prejudice

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: 10/26/2022

                                            S/ James R. Cho
                                            HON. JAMES R. CHO
                                            United States Magistrate Judge

CONSENTED TO AND AGREED:

B Global Logistics Inc.

By: Brigid Gatti, President
Dated: September __, 2022
October 6, 2022

Transped Shipping Levante S.L.

By: Jose Antonio Periañez, Director
Dated: September 6, 2022
October

**EXHIBIT A**

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made to memorialize the terms and conditions agreed to by the parties on the date this Agreement was fully signed as set forth below, to resolve all claims between them, specifically, by and between Transped Shipping Levante S.L., *Cl* Mendez Nunez 40, Oficina 101, 46024, Valencia, Spain ("Transped" or "Creditor") and B Global Logistics Inc., formerly known as BG Global Logistics Inc., 63 32 82nd Place, Middle Village, Queens, New York 11379, ("B Global" or "Debtor").

### RECITALS

**WHEREAS,** Transped is domiciled in Valencia, Spain and operates through agents from other non-U.S. locations as an ocean and air freight forwarder and logistics company during the period in question in this matter;

**WHEREAS,** B Global is a U.S. domiciled ocean freight forwarder and logistics company which arranges for and transports cargo in the import and export commerce of the United States;

**WHEREAS,** B Global for a period from on or about July 27, 2016 through on or about November 13, 2018 (hereinafter, "the Period") retained the services of Transped to assist B Global from various locations where Transped maintains offices in Spain, to arrange for transportation and other services, including the advancing of ocean transportation freight and charges, and other fees and funds on B Global's and/or on B Global's customers' behalf, for transport and transport-related services, including but not limited to the preparation of Import Security Filings (ISF 10+2) in the import commerce of the United States for whom B Global assumed duties on behalf of its customers and in implementing other United States shipping and importing requirements on behalf of B Global's U.S. customers;

**WHEREAS,** in the performance of those duties, Transped advanced funds, and/or earned fees for services performed during the Period in the total amount of $413,559.58 USD which remain unpaid as of this date; and

**WHEREAS,** B Global, which is not disputing the above-cited debt, in order to resolve the below referenced pending litigation, has agreed to settle this matter with Transped by agreeing to payment of the owed amounts to be described herein;

**NOW, THEREFORE,** for good and valuable consideration, the receipt of which is acknowledged hereby, and in consideration of the mutual covenants and undertakings set forth herein, the parties agree as follows:

1. **Preliminary Matters**.

    1.1  **Recitals**. The Recitals set forth in this Agreement shall constitute part of the terms, provisions and conditions of this Agreement as a constituent part thereof.

    1.2  **Review, Full Understanding, Voluntary**. Both Transped and B Global have reviewed the terms of this Agreement. Each of them has had the opportunity to confer with its legal counsel and/or advisors of its own choosing regarding their advice with respect to the terms of this Agreement, and has had the opportunity to consider their advice with respect to the

foregoing and following. Each of the parties enters into this Agreement voluntarily and with full understanding of its terms.

2. **Consideration, Payment Schedule, Methods of Payment, Wire Transfers, Payments Made and Early Payments.**

    2.1  **Payments and Dismissal of Pending Action.** The full amount to be paid under this Agreement by B Global to Transped is Three Hundred Thousand Dollars ($300,000.00) USD (the "Settlement Amount"). B Global shall make or cause to be made total cash payments of the Settlement Amount as follows, and Transped shall, in full consideration, seek the entry of the attached Consent Judgment and dismiss the pending lawsuit which is captioned *Transped Shipping Levante S.L./ v B Global Logistics Inc. formerly known as BG Global Logistics Inc.*, Case number: 2:20-cv-05357-PKC-JRC, United States District Court for the Eastern District of New York ("Pending Action").

    2.2  **Payment Schedule.** B Global shall pay Transped the Settlement Amount in full settlement of Transped's claim as follows: (a) the sum of One Hundred and Fifty Thousand Dollars ($150,000.00) (the "Lump Sum Payment") by wire transfer, as provided for in Paragraph 2.4, on the date that the proposed Consent Judgement is entered by the court and becomes a final and non-appealable order and (b) the sum of One Hundred Thousand Dollars ($150,000.00) in fifty (50) equal monthly installments of Three Thousand Dollars ($3,000.00). The monthly payments shall commence no later than thirty (30) days after the Lump Sum Payment is paid to Transped and the subsequent forty-nine (49) payments shall be made on or before the fifteenth (15) day every subsequent month. To the extent that any payment, or part thereof, due under this agreement remains unpaid after 30 days from the dates set forth in this Agreement, B Global shall be in default of the terms of this Agreement. Transped will send a notice of default to James Pagano, Esq., counsel to B Global, by overnight mail and email to jppaganoesq@gmail.com. B Global with have 7 business days to cure the default.

    2.3  **Methods of Payment.** All payments under this Agreement shall be made by certified check, money order, bank wire, or bank check, made payable to "Transped Shipping Levante S.L."

    2.4  **Payments by Wire Transfer.** Wire transfers by B Global to Transped shall be made as follows:

        BANK NAME: Deutsche Bank S.A.
        ADDRESS: C/ Pascual i Genís 12,
        46002 Valencia, Spain
        ACCOUNT USD: 0019 0511 42 4052048530
        IBAN: ES23 0019 0511 42 4052048530
        SWIFT: DEUTESBBXXX

    2.5  **When Payment is Deemed Made.** Payment will be deemed to have been made upon the receipt of payment by Transped.

    2.6  **No Penalty for Early Payment.** B Global shall have the option of making any one or more payments early without penalty.

3. **Incorporation of This Agreement into Consent Judgment.**

The terms and provisions of this Settlement Agreement shall be incorporated in their entirety into the accompanying proposed Consent Judgment for collection of these amounts owed per the provisions herein. A breach of this Agreement shall also constitute a violation of the Consent Judgment and subject the breaching party to sanctions, including those for contempt of Court, as well as liability for breach of this Agreement.

4. **Mutual Releases.**

   4.1 **Transped's Release of B Global.** If payments are fully made pursuant to section 2 herein, in consideration for payment in full and full compliance with all of the other terms and conditions of this Agreement, Transped on its behalf on behalf of Transped's agents, representatives, assigns, heirs, executors, and administrators, shall fully release, upon the completion of all payments, B Global and B Global's officers, agents, members, employees, contractors, representatives, assigns, heirs, executors, and administrators from, and agree not to sue them regarding, any and all liability claims, demands, actions, causes of action, suits, grievances, debts, sums of money, agreements, promises, damages, costs, expenses, attorneys' fees, and remedies of any type, directly or indirectly regarding any act or failure to act with respect to the monies owed pursuant to this Agreement.

   4.2 **B Global's Release of Transped.** If payments are fully made pursuant to section 2 herein, in consideration for Transped's agreement to discontinue this claim for monies owed with prejudice B Global on its own behalf and on behalf of B Global's officers, agents, members, employees, contractors, representatives, assigns, heirs, executors, and administrators, shall fully release, upon dismissal of the Pending Action with prejudice, Transped and Transped's agents, representatives, assigns, heirs, executors, and administrators from, and agree not to sue them regarding, any and all liability claims, demands, actions, causes of action, suits, grievances, debts, sums of money, agreements, promises, damages, costs, expenses, attorneys' fees, and remedies of any type, directly or indirectly regarding any act or failure to act with respect to the monies owed pursuant to this Agreement.

5. **Costs, Expenses and Attorneys' Fees.**

In the event that B Global breaches or defaults under this Agreement, Transped shall be entitled to recover from B Global any costs, expenses, and REASONABLE attorneys' fees incurred by Transped in filing, enforcing, or collecting any judgment in connection herewith, of bringing any action against B Global in connection with this Agreement. Such costs, expenses and attorneys' fees shall be in addition to the Settlement Amount already due and owing.

6. **Consent Judgment.**

Contemporaneously with the execution of this Agreement, B Global shall execute and enter into the attached Consent Judgment which shall incorporate in their entirety the terms and provisions of this Agreement. Subject to the Court's approval, the proposed Consent Judgment shall be entered by the Court in the Pending Action. If B Global breaches, or defaults under this Agreement, B Global shall have seven (7) business days to cure the default or breach. Thereafter,

Transped shall have the right to immediately enter and enforce the Consent Judgment entered by the Court against B Global by *ex parte* or any other method of application, if necessary, in the Pending Action. Any attachments and executions upon B Global's assets shall be reduced by any settlement payments made pursuant to this Agreement. In the event of a breach or default, Consent Judgment interest shall accrue against B Global at the rate of 9% (nine percent) *per annum*, pursuant to the laws of the State of New York, CPLR §§ 5001, *et seq*.

7. **Court Retains Jurisdiction Pending Performance; Termination of the Litigation.**

   7.1   Court Retains Jurisdiction. Pending the performance of this Agreement, the Court retains full jurisdiction of the Pending Action, including without limitation jurisdiction to enforce this Agreement and the accompanying Consent Judgment.

   7.2   Discontinuance of the Pending Action. Transped agrees to terminate, discontinue, and dismiss the Pending Action, in accordance with the terms set forth herein.

   7.3   Duplicate -- Dismissal of All Claims. Transped agrees to terminate, discontinue and dismiss with prejudice the Pending Action.

   7.4   Covenant of Cooperation. Transped and B Global agree to cooperate and take all necessary and appropriate action to accomplish the dismissal of the Litigation.

8. **Notices**

   Any notice required pursuant to this Agreement shall be sent to:

   8.1   If to B Global, to Defendant at the following addresses:
   Brigid Gatti, President
   B Global Logistics Inc.
   63 32  82nd Place
   Middle Village, Queens, New York 11379
   Email: brigidgatti@hotmail.com

   James P. Pagano, Esq.
   225 Broadway, Suite 1606
   New York, New York 10007
   Tel. (212) 732-4740
   Email: jppaganoesq@gmail.com
   Attorney for B Global Logistics Inc. [has not appeared in the Pending Action]

   8.2   If to Transped, to Plaintiff's counsel at the following address:
   Norma E. Ortiz
   Ortiz & Ortiz LLP
   287 Park Avenue South, Ste. 213
   New York, NY 10010
   Tel. (718) 522-1117

Facsimile. (718) 596-1302
Email: email@ortizandortiz.com

9. **Miscellaneous.**

    9.1    **Applicable Law.** This Agreement shall be construed as a whole in accordance with its fair meaning and in accordance with the laws of the State of New York (without regards to choice of law principles), as are applied to contracts to be performed wholly within the State of New York.

    9.2    **Choice of Forum.** If applicable, beyond enforcement of the Consent Judgment entered into as part of this Agreement, any legal action based on this Agreement, or to enforce any of its terms shall be venued: either (a) in the United States District Court for the Eastern District of New York, if subject matter jurisdiction exists for such Court; or (b) the Supreme Court of the State of New York for New York County. All parties consent to the personal jurisdiction and venue of the United States District Court for the Eastern District of New York or the Supreme Court of the State of New York for New York County over any dispute regarding this Agreement, including the enforcement of the Consent Judgment in the event of a default.

    9.3    **Severability.** In the event that any one or more of the provisions of this Agreement shall be held to be invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remainder of this Agreement shall not in any way be affected or impaired thereby. Moreover, if any one or more of the provisions contained in this Agreement shall be held to be excessively broad as to duration, activity, or subject, such provisions shall be construed by limiting and reducing them so as to be enforceable to the maximum extent allowed by applicable law.

    9.4    **Entire Agreement.** This Agreement and the Consent Judgment represent the sole and entire agreement between the parties and supersedes all prior agreements, negotiations, and discussions between the parties hereto, and their respective counsel, with respect to the subject matters covered thereby.

    9.5    **Drafter of this Agreement.** In recognition of the fact that the parties hereto had an equal opportunity to negotiate the language of, and draft, this Agreement, the parties acknowledge and agree that there is no single drafter of this Agreement and therefore, the general rule that ambiguities are to be construed against the drafter is, and shall be, inapplicable. If any language in this Agreement is found or claimed to be ambiguous, each party shall have the same opportunity to present evidence as to the actual intent of the parties with respect to any such ambiguous language without any inference or presumption being drawn against any party.

    9.6    **Amendments.** Any amendments to this Agreement must be in writing signed by duly authorized representatives of the parties hereto and stating the intent of the parties to amend the Agreement.

9.7     **Counterparts.**  This Agreement may be executed in two or more counterparts, by electronic format and/or by facsimile, each of which shall be deemed to be an original, and all of which together shall constitute one and the same instrument.

9.8     **Authority to Sign and Execute.**  Transped and B Global, each warrant and represent that the person signing this Agreement on each of their respective behalves has full authority to sign and execute this Agreement, and to bind each of them to the terms, obligations, and provisions of this Agreement.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement and the accompanying Consent Judgment. B Global has executed the attached Affidavit of Consent Judgment by Confession.

B Global Logistics Inc.

By: Brigid Gatti, President
Dated: 9/1/22

Transped Shipping Levante S.L.

By: Jose Antonio Perianez, Director
Dated: